Nuria Patricia ORELLANA–
MARTINEZ, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 08–73722.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 16, 2010.*

Filed Nov. 22, 2010.

Michael J. Selph, Esquire, Law Offices
of Michael J. Selph, North Hollywood, CA,
for Petitioner.

David V. Bernal, Assistant Director,
OIL, Colette Jabes Winston, Esquire, U.S.
Department of Justice, Washington, DC,
CAC–District Counsel, Esquire, Office of
the District Counsel, Department of
Homeland Security, Los Angeles, CA,
Ronald E. Lefevre, Office of the District
Counsel, Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: TASHIMA, BERZON, and
CLIFTON, Circuit Judges.

MEMORANDUM **

Nuria Patricia Orellana–Martinez, a na-
tive and citizen of El Salvador, petitions

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's .decision denying her application for asylum. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir.2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir.2004). We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny in part and dismiss in part the petition for review.

■ We reject Orellana–Martinez's claim that she is eligible for asylum based on her membership in a particular social group, namely, individuals who have had their lives directly threatened because of their actions in defiance of the gangs. *See Santos–Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir.2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence"). We also reject Orellana–Martinez' political opinion claim based on her resistance to the gangs. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (resisting forced recruitment does not necessarily constitute persecution on account of political opinion); *Barrios v. Holder*, 581 F.3d 849, 854–56 (9th Cir. 2009) (resistance to gang recruitment does not constitute political opinion); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir.2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Because Orellana–Martinez failed to demonstrate that she was persecuted on account of a protected ground, we uphold

the agency's denial of her asylum claim. *Id.* at 856.

■ To the extent Orellana–Martinez contends she is a member of a particular social group of attractive young women targeted by gangs for sexual assault, we lack jurisdiction to consider the contention because she did not exhaust it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**